NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| K.W., | : |
| Plaintiff, | : |
| | : Civil No. 21-1235 (RBK) |
| v. | : |
| | : **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff K.W.'s Appeal (Doc. No. 1) from the final decision of the Commissioner of the Social Security Administration denying her application for Social Security Disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") did not properly address Plaintiff's back pain. For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

**I.    LEGAL STANDARD**

   a.  **Sequential Evaluation Process**

In order to receive benefits under the Social Security Act ("SSA"), the Plaintiff must be disabled within the meaning of the Act. The Commissioner applies a five-step evaluation process to make this determination. *See* 20 C.F.R. § 404.1520.

For the first four steps of the evaluation process, the Plaintiff has the burden of establishing her disability by a preponderance of the evidence. *Zirnsak v. Colvin*, 777 F.3d 607, 611–12 (3d Cir. 2014). First, the Plaintiff must show that she was not engaged in "substantial

1

gainful activity" for the relevant time period. 20 C.F.R. § 404.1572. Second, the Plaintiff must demonstrate that she has a "severe medically determinable physical and mental impairment" that lasted for a continuous period of at least twelve months. 20 C.F.R. § 404.1520(a)(4)(ii); 20 C.F.R. § 404.1509. Third, either the Plaintiff shows that her condition was one of the Commissioner's listed impairments, and is therefore disabled and entitled to benefits, or the analysis proceeds to step four. 20 C.F.R. § 404.1420(a)(4)(iii). Fourth, if the condition is not equivalent to a listed impairment, the ALJ must assess the Plaintiff's residual functional capacity ("RFC"), and the Plaintiff must show that she cannot perform her past work. 20 C.F.R. § 404.1520(a)(4)(iv); 20 C.F.R. § 404.1520(e). If the Plaintiff meets her burden, the burden shifts to the Commissioner for the last step. *Zirnsak*, 777 F.3d at 612. At the fifth and last step, the Commissioner must establish that other available work exists that the Plaintiff can perform based on her RFC, age, education, and work experience. 20 C.F.R. § 404.1520 (a)(4)(v); *Zirnsak*, 777 F.3d at 612. If the Plaintiff can make "an adjustment to other work," she is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

### b. Review of the Commissioner's Decision

This Court reviews the ALJ's application of the law under a de novo standard and the ALJ's factual findings under a substantial evidence standard. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007) (citing 42 U.S.C. 405(g)); *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992); and *Monsour Med. CR. v. Heckler*, 806 F.2d 1185, 1191 (3d Cir. 1986)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if this Court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

To allow for meaningful judicial review, the ALJ is required to set out a specific factual basis for each finding. *Baerga v. Richardson*, 500 F.2d 309, 312-12 (3d Cir. 1974). The ALJ may choose which evidence to credit but must consider all of the evidence and give reason for rejecting or discrediting competent evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). A single piece of evidence cannot satisfy the "substantial evidence" standard if the ALJ ignores, or fails to resolve, a conflict created by countervailing evidence. *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citing *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983); *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986)); *see also Schaudeck v. Commissioner*, 181 F.3d 429, 435 (3d Cir. 1999).

## II.    BACKGROUND

### a.    Procedural History

Plaintiff protectively filed an application for Social Security Benefits on February 26, 2018 alleging an onset date of disability beginning December 31, 2013. Her date last insured was December 31, 2018. (R. 64). The claim was denied on June 13, 2018. (R. 62). A Request for Reconsideration with good cause statement was submitted on October 15, 2018. (R. 126). The claim was denied again on January 3, 2019. (R. 118). A written Request for a Hearing before an ALJ was filed on February 6, 2019. (R. 143). Plaintiff appeared at the Pennsauken hearing office for a hearing held before the Honorable Nancy Lisewski, ALJ, on February 11, 2020. (R. 35). On March 9, 2020, the ALJ issued an unfavorable decision. (R. 12). Thereafter, Plaintiff filed a Request for Review of Hearing Decision with the Appeals Council on April 1, 2020. (R. 199).

The Appeals Council issued an Order, dated November 30, 2020, wherein the Request for Review was denied. (R. 1).

The ALJ's decision, dated March 9, 2020, became the final decision of the Commissioner of Social Security when the Appeals Council denied the Plaintiff's Request for Review on April 1, 2020. Plaintiff thereinafter commenced the present action, requesting judicial review pursuant to 42 U.S.C. § 405(g). (Doc. No. 1).

The ALJ determined that Plaintiff had performed substantial gainful activity after her alleged onset date, but that this was considered an unsuccessful work attempt, and resolved step one in Plaintiff's favor. (R. 17). The ALJ found that Plaintiff had the severe impairments of seizures, anxiety, and depression, which did not meet or equal a listed impairment. (R. 18-20). The ALJ then determined that Plaintiff retained the ability to perform full range of work at all exertional levels but with no climbing ladders, ropes or scaffolds or exposure to unprotected heights or other common workplace hazards, and performing only simple and routine tasks. (R. 20). This RFC assessment precluded the performance of Plaintiff's past relevant work. (R. 26). The ALJ found, based on testimony from the vocational expert, that Plaintiff could perform other work (unskilled, medium exertion) that existed in significant numbers in the national economy. (R. 27). Therefore, the ALJ found that Plaintiff was not disabled.

### b. Relevant Medical Evidence

The evidence on back pain is as follows. At her hearing, Plaintiff presented subjective complaints related to back pain. (R. 38, 49-51). Plaintiff's primary care physician, Dr. Monte Carlo, completed multiple Medical Source Statements for Plaintiff. In his first opinion dated April 4, 2018, "chronic pain syndrome" is listed as a diagnosis, and "chronic low back pain" is noted in Plaintiff's history. (R. 479). He indicated that Plaintiff has no limitation for lifting and

carrying or pushing and pulling, and that Plaintiff can sit, stand, or walk up to eight hours per day. (R. 480). In his second opinion dated February 3, 2020, Dr. Monte Carlo noted Plaintiff had symptoms of low back pain, chronic back spasm, and muscle spasms. (R. 629, 631). In this opinion, he indicated that Plaintiff has significant physical limitations including sitting less than two hours in a workday and standing/walking up to one hour in a workday. (R. 632). Dr. Monte Carlo prescribed Gabapentin and Tramadol for Plaintiff's "moderate to severe" back pain. (R. 520, 556, 560). He noted regarding Tramadol: "Patient is compliant with controlled substance contract, she has a legitimate medical condition that warrants chronic controlled substance therapy" and that Plaintiff showed no signs of medication abuse. (R. 556). Plaintiff had a positive association with HLA-B27, a white blood cell test, which Dr. Monte Carlo noted may be associated with back pain. (R. 560-61). Plaintiff also noted her back pain to state consulting psychologists Drs. Mintzer and Lazarus, stating that she experienced "minor back pain" as a result of falls during her seizures (R. 515) and that she has a "history of chronic back pain." (R. 525).

  c. The ALJ's Decision

The ALJ addressed back pain at Step Two and after Step Three. At Step Two, the ALJ stated regarding back pain, "The claimant has complaints of chronic pain, including lower back pain. X-rays of the claimant's lumbar spine performed in November 2017 showed no evidence of acute osseous abnormality. She consistently presents at appointment with intact gait, including as recently as December 2019." (R. 18).

After Step Three, the ALJ discussed the evidence relating to Plaintiff's back pain. (R. 18 ("The claimant, age 35 at the hearing, has alleged disability due to seizures, anxiety and sporadic back pain."); R. 22 ("She is able to lift her son, who weighs 30 pounds."); R. 25 (Under care with

5

Dr. Monte Carlo, "the claimant was noted as having chronic lower back pain, chronic generalized pain and anxiety. . . . Back pain was described as stable in October 2018. Treatment notes from October 2019 indicated the claimant was negative for arthralgias, back pain, gait problem or joint swelling. . . . In December 2019, it was indicated the claimant was positive for back pain at this appointment.")). The ALJ specifically discussed the Dr. Monte Carlo's statements dated April 4, 2018 and February 3, 2020, noting their discrepancies. (R. 25) ("Despite no significant change in the objective medical record, including his own treatment notes, in February 2020 Dr. Monte Carlo provided an assessment via use of a form provided by the claimant's representative, indicating the claimant had extreme limitations regarding physical ability in the workplace."). The ALJ found Dr. Monte Carlo's second assessment not persuasive because there was no documentation or objective findings supporting the physical limitations. (R. 26). The ALJ found the state consulting physicians' opinions persuasive given their consistency with the record overall. (*Id.*).

## I.  DISCUSSION

Plaintiff contends that the ALJ did not properly address Plaintiff's back pain. Specifically, Plaintiff argues that remand is appropriate because the ALJ did not state the severity level of Plaintiff's chronic back pain; the ALJ did not consider musculoskeletal listings including 1.04; and the ALJ included no limitations for back pain in the RFC.

*Severity level of back pain*

Plaintiff contends that it was remandable error when the ALJ did not specify a severity level of Plaintiff's back pain at Step Two. The only impairments the ALJ identified are seizures, anxiety, and depression, which were specified as severe. (R. 18). Any error was harmless. The relevant question at Step Two is not how many severe impairments exist or whether they have all

been properly named, but whether the claimant has at least one severe impairment that justifies the ALJ's proceeding to the next step of the sequential evaluation process. 20 C.F.R. § 404.1520(c). Even if it were in error to not designate back pain as severe, error is harmless if the ALJ finds in Plaintiff's favor at Step Two. *See Rutherford v. Barnhart*, 399 F.3d 546, 552–53 (3d Cir. 2005). Here, the ALJ found in Plaintiff's favor at Step Two because she found some impairments to be severe.

*Listing 1.04 omission*

Plaintiff contends that it was remandable error for the ALJ to not consider musculoskeletal listings including 1.04. Listing 1.04 sets forth the following criteria.

> 1.04   *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
> or
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
> or
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04.

Plaintiff does not identify evidence to support consideration of this listing. Plaintiff has not put forth evidence of limitation of motion of the spine, motor loss, sensory or reflex loss, the straight-leg raising test, spinal arachnoiditis, or lumbar spinal stenosis. It is unclear what the ALJ could have done other than recite the elements and state that they were not met. Moreover,

Plaintiff has not indicated atypicality in her ambulation. Like the ALJ noted, Plaintiff walks with an intact gait, and her spinal x-ray showed no abnormality. (R. 18, 25).

*No limitations for back pain in the RFC*

Finally, Plaintiff contends that it was remandable error to not include limitations for back pain in the RFC. While the ALJ's discussion of back pain is slight compared to the analysis of Plaintiff's seizures and other ailments, it is still present. Plaintiff's back pain was described as "stable" in October 2018, and treatment notes indicated that Plaintiff was "negative" for back pain in 2019. (R. 25). The only material in the record recommending work limitations for back pain is the February 3, 2020 assessment in a form provided by Plaintiff's counsel to Dr. Monte Carlo, where Dr. Monte Carlo checked boxes indicating severe physical limitations without explanation. (R. 629-31). As the ALJ explained in her analysis, this form differs from his 2018 assessment despite no change in the medical record otherwise. (R. 25). The ALJ found the state consulting physicians' opinions more persuasive, and those physicians concluded Plaintiff does not have exertional limitations. (R. 26). Accordingly, the ALJ's decision to not include limitations for back pain in the RFC was supported by substantial evidence.

## II.   CONCLUSION

For the reasons stated above, this Court will **AFFIRM** the Commissioner's decision. An order follows.

Dated: 4/6/2022                                                       /s/ Robert B. Kugler
                                                                                                                  ROBERT B. KUGLER
                                                                                                                  United States District Judge